UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 21, 2016

Mark A. Shryock
18101 Oldtown Road, SE
Oldtown, Maryland 21555

Jay Hinsley, Esq.
Social Security Administration
Altmeyer Building
6401 Security Boulevard, Room 617
Baltimore, Maryland 21235

      RE:    *Mark A. Shryock v. Commissioner, Social Security Administration*;
              Civil No. SAG-15-1136

Dear Mr. Shryock and Counsel:

      On April 21, 2015, Plaintiff Mark A. Shryock, who appears *pro se,* petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 1]. I have considered both parties' Motions for Summary Judgment, and Mr. Shryock's response to the Commissioner's Motion. [ECF Nos. 16, 19, 23]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

      Mr. Shryock protectively filed his claims for benefits on October 7, 2011, originally alleging a disability onset date of February 28, 2010.[1] (Tr. 151-60). His claims were denied initially and on reconsideration. (Tr. 91-94, 98-101). A hearing was held on June 3, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 26-48). Following the hearing, on July 10, 2014, the ALJ determined that Mr. Shryock was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 5-25). The Appeals Council denied Mr.

---

[1] Shortly before his hearing, Mr. Shryock's then-counsel submitted a brief requesting that his alleged onset date be amended to August 25, 2011. (Tr. 243). That request was not reiterated by the attorney who stood in for Mr. Shryock's counsel at the hearing, and the ALJ used the initially alleged onset date in the opinion. On remand, the ALJ should rule on the motion to amend the onset date and address the evidence accordingly.

*Mark A. Shryock v. Commissioner, Social Security Administration*
Civil No. SAG-15-1136
January 21, 2016
Page 2

Shryock's request for review, (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Shryock suffered from the severe impairments of mood/affective disorder and drug and alcohol addiction. (Tr. 11). The ALJ found that, including the substance use disorders, Mr. Shryock's impairments meet Listings 12.04 and 12.09. (Tr. 11-13). However, the ALJ found that if Mr. Shryock stopped substance use, he would retain the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels but with the following nonexertional limitations: limited to performing simple, repetitive tasks in a work environment that has occasional changes in the work setting." (Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Shryock could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 19-20).

I have considered Mr. Shryock's case under the dictates of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), a Social Security appeal from the Eastern District of North Carolina. Because the ALJ's evaluation of Mr. Shryock's "moderate limitation" in concentration, persistence, or pace was inadequate under *Mascio*, remand is warranted. In so holding, I express no opinion as to whether the ALJ's ultimate determination that Mr. Shryock was not entitled to benefits was correct or incorrect.

As background, on March 18, 2015, the United States Court of Appeals for the Fourth Circuit published its opinion in *Mascio*. The Fourth Circuit determined that remand was appropriate for three distinct reasons, one of which is relevant to the analysis of this case. Specifically, the Fourth Circuit found that the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work,[2] despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

---

[2] The hypothetical the ALJ posed to the VE in *Mascio* did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment. However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment.

This case is partially distinguishable from *Mascio*. At step three of the sequential evaluation, the ALJ determined that, "with regard to concentration, persistence or pace," Mr. Shryock would have "moderate difficulties if the substance use was stopped." (Tr. 15). The entirety of the step three analysis states:

> With regard to concentration, persistence or pace, the claimant would have moderate difficulties if the substance use was stopped. He was found to have moderate limitations in this area of functioning by the Disability Determination Service mental health consultants as was noted above.

*Id.* That analysis does not permit this Court to understand the precise parameters of the difficulties the ALJ believed Mr. Shryock to have. According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

*See also* 20 C.F.R. § 416.920a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(4); *see also* 20 C.F.R. § 416.920a(e)(4).

As noted above, the ALJ imposed a RFC restriction to "performing simple, repetitive tasks in a work environment that has occasional changes in the work setting." (Tr. 15). There is no corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses Mr. Shryock's ability to sustain work for an eight-hour workday.

*Mark A. Shryock v. Commissioner, Social Security Administration*
Civil No. SAG-15-1136
January 21, 2016
Page 4

Accordingly, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.[3]

Mr. Shryock made a series of other arguments in his court filings, including: (1) the ALJ's failure to amend the onset date as requested by his attorney; (2) the ALJ's failure to consider certain exhibits, including 10E and 9F, (3) the ALJ's failure to consider the fact that Mr. Shryock had been clean and sober since 2011 (which would be addressed by the amended onset date), and (4) the fact that the attorney representing him at the hearing did not call various witnesses to testify. Because the case is being remanded on other grounds, all of these issues can be addressed on remand. Likewise, the new medical records and other evidence Mr. Shryock attached to his court filings can be considered, if appropriate, on remand.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment [ECF No. 16] and Defendant's Motion for Summary Judgment [ECF No. 19] are DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[3] I further note that the ALJ also found a moderate limitation in the area of social functioning, but imposed no corresponding limitation in the RFC assessment. (Tr. 15). Because this appears to be a *Mascio*-like error in a different functional area, the ALJ should further address this issue on remand.